UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

NADINE D. WALLACE,

                 Plaintiff,

     -vs-                         **No. 1:16-CV-00416 (MAT)**
                                             **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.

─────────────────────────────────

## I.   Introduction

Represented by counsel, plaintiff Nadine D. Wallace ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II.  Procedural History

Plaintiff protectively filed concurrent applications for SSI and DIB on October 30, 2012, alleging disability as of August 6, 2012 due to a neuroendocrine tumor.  Administrative Transcript ("T.") 41. Plaintiff's applications were initially denied.  T. 58-63.  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir on June 16, 2014, at which Plaintiff appeared without a representative.  T. 64-65, 22-39.  On October 9, 2014, the ALJ issued an unfavorable decision. T. 10-21. On April 19, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision.  T. 1-6.  This action followed.

## III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017.  T. 15. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 6, 2012, the alleged onset date.  *Id*.

At step two, the ALJ found that Plaintiff suffered from the medically determinable impairment of ovarian tumor with total abdominal hysterectomy and bilateral salpingo-oophorectomy, status post chemotherapy.  T. 15.  The ALJ further concluded that this

impairment had not significantly limited Plaintiff's ability to perform basic work-related activities for 12 consecutive months, and that it was therefore not severe. T. 15-18. Accordingly, the ALJ ended his inquiry and found that Plaintiff was not disabled as defined in the Act. T. 18.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that remand of this matter for further administrative proceedings is required because (1) the ALJ improperly concluded that she did not have a severe impairment, (2) the ALJ failed to properly develop the record, (3) the ALJ failed to comply with the Hearings, Appeals, and Litigation Law Manual (the "HALLEX") in conducting the hearing, and (4) the ALJ failed to properly evaluate Plaintiff's credibility. For the reasons discussed below, the Court finds that the ALJ's conclusion that Plaintiff's impairments were non-severe was based on an incomplete record and not supported by substantial evidence and that remand of this matter is therefore appropriate.

**B.    Step Two Determination**

The Court addresses Plaintiff's first two arguments (that the ALJ erred in concluding that she did not have a severe impairment and that the ALJ failed to properly develop the record) together. The Court agrees with Plaintiff that the ALJ failed to appropriately update Plaintiff's medical records and failed to properly investigate Plaintiff's mental impairments. The Court further finds that the ALJ's conclusion that Plaintiff did not suffer from a severe impairment was based on an incomplete record and not supported by substantial evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). "This duty arises

from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996), and requires the ALJ to take affirmative steps "where there are deficiencies in the record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). "[W]hen the claimant is unrepresented," as Plaintiff was at the hearing in this case, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (internal quotation omitted).

In this case, the ALJ's failure to develop the record was twofold. First, with respect to Plaintiff's physical impairments, the ALJ concluded that Plaintiff's ovarian tumor and associated chemotherapy treatment had not met the durational requirements of the Act. The Act provides that, in order for a claimant to be found disabled, she must have a medically determinable impairment that has lasted for at least twelve consecutive months. *See Marine v. Barnhart*, No. 00 CV 9392 (GBD), 2003 WL 22434094, at *2 (S.D.N.Y. Oct. 24, 2003). Here, the ALJ concluded that Plaintiff's ovarian tumor did not meet this requirement because "from the time [Plaintiff] was precluded from working by her symptoms before the diagnosis was made, August 6, 2012 to the last medical evidence of record from Roswell Park, May 14, 2013 less than 12 months had gone by." T. 17. However, the record shows that Plaintiff expressly informed that ALJ that her medical records from Roswell Park were

incomplete.  In particular, when the ALJ asked Plaintiff if the record was completed, she informed him that it did not have her most recent records and that she was still being seen every three months at Roswell Park.  T. 25-26.  The ALJ asked Plaintiff if her "status" had "changed" or if she'd had "any active disease or any adverse findings" and she informed him that she was having issues with fainting and that her physicians had told her it was related to her chemotherapy.  T. 26.  Plaintiff further stated that she was being prescribed pain medication for bone aches.  T. 27.  However, despite these express statements by Plaintiff alerting the ALJ that the evidence of record was incomplete and that she was still receiving treatment for the side effects of her chemotherapy, the ALJ apparently made no effort to obtain additional records from Roswell Park.  The ALJ then compounded his error by using the absence of such treatment records to conclude that Plaintiff's ovarian tumor did not meet the Act's duration requirements.  This conclusion, which was based on an incomplete record, was not supported by substantial evidence.

The Court notes that the ALJ's conclusions also contain misstatements of Plaintiff's testimony.  The ALJ stated that "claimant testified that she has never been told by a doctor that she is unable to work."  T. 18.  This is incorrect.  A review of the hearing transcript shows that, to the contrary, Plaintiff testified that her physician did tell her she was unable to work "when [she] went through chemo."  T. 32.  While Plaintiff did

additionally state that no doctor had told her she was unable to work recently, the ALJ made no effort to inquire further. As such, it is wholly unclear on the current record whether Plaintiff simply had not recently asked her doctor whether she was able to work or if her doctor's opinion had changed. The ALJ's failure to further develop the record with respect to the opinions of Plaintiff's physicians was an additional error, particularly where no consultative examination had been performed.

The ALJ also failed to develop his duty to develop the record with respect to Plaintiff's potential mental impairments. The record in this case shows that Plaintiff suffered from anxiety, to the point that she used marijuana to self-medicate. Plaintiff's doctor assessed her with anxiety, instructed her to stop using marijuana, and prescribed her Ativan. T. 475-76. Plaintiff also reported in her appeal of the initial denial of her applications that she was suffering from "depression (mood swings)." T. 159. Plaintiff further reported that she was receiving treatment from Child and Family Services. T. 160. However, the ALJ failed to perform any inquiry whatsoever into Plaintiff's mental health. He did not ask Plaintiff about her mental health at the hearing, nor did he seek or obtain any records from Child and Family Services, nor did he obtain a consultative psychiatric examination of Plaintiff. In his decision, the ALJ did not acknowledge Plaintiff's anxiety as a medically determinable impairment or discuss it in any way.

7

The ALJ's failure to perform even the most minimal investigation into Plaintiff's mental health was error. "When circumstances point to the probable existence of probative and necessary evidence, which has not been furnished by the claimant, the failure of an ALJ to ask further questions, request additional records, or contact treating sources amount to neglect of the ALJ's duty to develop the record. . . . Moreover, if the information needed to make a determination is not readily available from treating source records, and a clarification cannot be obtained, the ALJ is obligated to obtain a consultative examination." *Chandler v. Comm'r of Soc. Sec.*, No. 11-CV-152 DRH, 2012 WL 1935182, at *9 (N.D.N.Y. May 29, 2012) (internal quotation omitted). Here, the ALJ took no steps to develop the record regarding Plaintiff's mental health, resulting in a step two determination based on an incomplete record and unsupported by substantial evidence.

For the foregoing reasons, the Court finds that remand of this matter for additional administrative proceedings is necessary. On remand, the ALJ is instructed to fully develop the record, including making efforts to obtain updated records from Roswell Park and to obtain records from Child and Family Services. If necessary, the ALJ should obtain a consultative examination of Plaintiff with respect to her mental health.

**C.   Plaintiff's Other Arguments**

Plaintiff has also argued that the ALJ failed to comply with the HALLEX and that the ALJ failed to properly evaluate her

credibility. Having determined that remand for additional development of the record is necessary, the Court need not and does not reach these arguments.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's application was initially filed in October 2012 (more than five years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018.    The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    May 30, 2018
          Rochester, New York.